**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| KELLY CRAWFORD, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ABSOLUTE COLLECTION )<br>SERVICE, INC. )<br>)<br>    Defendant. ) | No. 3:10-cv-02740-JFA<br><br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

NOW COMES the Plaintiff, KELLY CRAWFORD, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, ABSOLUTE COLLECTION SERVICE, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Irmo, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of North Carolina, which is not licensed to do business in South Carolina and which has its principal place of business in Raleigh, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about November 1, 2009, Defendant mailed a letter to Plaintiff in an attempt to collect an alleged debt.

8. On or about November 4, 2009, Plaintiff spoke by telephone with a representative of Defendant on the telephone, who identified herself as "Mrs. Butler."

9. Mrs. Butler stated to Plaintiff that she needed to make a payment of $25.00 towards the alleged debt in order for the alleged debt to not be reported to the credit reporting bureaus.

10. On or about December 3, 2009, Plaintiff mailed a payment of $25.00 to Defendant as requested.

11. On or about January 8, 2010, Plaintiff spoke with another representative of Defendant on the telephone, who identified himself as "Bob."

12. Bob stated to Plaintiff that she needed to make another payment of $25.00 towards the alleged debt in order for the alleged debt to not be reported to the credit reporting bureaus. Plaintiff advised Bob that she would send the payment by January 20, 2010.

13. On or about January 19, 2010, Plaintiff mailed a payment of $25.00 to Defendant as requested.

14. Despite Defendant's agreement not to report the alleged debt on Plaintiff's credit record as set forth above, Defendant reported the alleged debt to the credit reporting bureaus in January of 2010. Furthermore, Defendant failed to report the payments that Plaintiff had made towards the alleged debt as set forth above.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    b. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

    c. Communicating credit information which was known or which should have been known to be false, in violation of 15 U.S.C. § 1692e(8); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KELLY CRAWFORD, respectfully prays for a judgment as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Attorney for Plaintiff
PO Box 6276
Columbia, SC 29260-6276
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com