IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kelly Crawford, | ) | C/A: 3:10-2740-JFA |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Absolute Collection Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

_____

      The plaintiff initiated this action in October 2010, and promptly served the defendant with a summons and complaint. The defendant did not file a notice of appearance or any other responsive pleading within the time prescribed by the Federal Rules of Civil Procedure. The Clerk of Court then made an entry of default, indicating that the defendant had defaulted, and thereby conceded liability.

      Now before the court is the plaintiff's motion for a default judgment. Because the court has determined that the amount sought is a liquidated amount and that a damages hearing is not necessary, the court will grant the motion.

      This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA"). Plaintiff alleges violations of the FDCPA by defendant's attempts to collect an alleged debt from the plaintiff. The violations include using false or misleading representations, using an unfair or unconscionable means to attempt to collect a debt, and communicating credit information which was known or which should have been known to be false.

      The FDCPA provides a payment of statutory damages of up to $1,000. Attached to

the motion for default judgment is a declaration of plaintiff Kelly Crawford, attesting to the facts alleged in the complaint and the damages she has suffered. The court is convinced that a statutory award of $1,000 is appropriate in this case.

In addition, 15 U.S.C. § 1692k(a)(3) authorizes the court to award attorney's fees to successful plaintiffs in these type cases. Attached to the motion for default is a declaration of plaintiff's attorney, David B. Levin, setting out in detail the amount of attorney's fees and court costs incurred by the plaintiff in the prosecution of this action. The court finds both the time expended and the hourly rate requested by plaintiff's counsel to be reasonable under the circumstances. The court hereby awards attorney's fees totaling $2,386.50 in this case. These fees include $877.50 to Mr. Levin, $552.50 to Mitchel Luxenburg, $200.00 to James Ervin, $25.00 to Carole Brown, $300 to Christina Hidek, $25.00 to Elin Young, $387.50 to Julie Shaw, and $19.00 to Steve Perez.

Plaintiff's counsel also advanced $350.00 for the filing fee and $95.00 to the process server. These items are recoverable under the FDCPA as well.

Based upon the foregoing, the court hereby enters judgment in favor of the plaintiff against the defendant in the sum of $1,000.00 statutory damages, attorney's fees totaling $2,386.50, and costs and expenses totaling $445.00. This action is now ended.

IT IS SO ORDERED.

March 10, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge